| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

GERARD L. CLARK,

         Plaintiff,

- versus -

FORD MOTOR CREDIT COMPANY, LLC;
CAB EAST, LLC,

         Defendants.

MEMORANDUM
AND ORDER
13-cv-4242

JOHN GLEESON, United States District Judge:

  Cab East, LLC ("Cab East") brought this action against Gerard L. Clark in the Supreme Court of the State of New York, County of Queens. Clark removed the case to this Court by filing a notice of removal on July 26, 2013.[1] Cab East now moves to remand the case to state court. For the reasons set forth below, Cab East's motion to remand is granted.

## BACKGROUND

  On or about July 13, 2011 Cab East commenced the present action by filing a summons and complaint in the Supreme Court of the State of New York, County of Queens. Jorge A. Rodriguez Decl. ¶ 3 & Ex. A (Complaint & Summons). The complaint sought the recovery of a 2006 Land Rover vehicle leased to Clark, who had allegedly failed to make his monthly lease payments. *Id*. On July 28, 2011 Clark was served with the summons and complaint. *Id*. at ¶ 4 & Ex. B (Affidavit of Service).

---

[1] Cab East is one of the plaintiffs and Clark is the defendant in the state action that Clark seeks to remove. But in his notice of removal, Clark represented himself as the plaintiff and Cab East as one of the defendants, a configuration reflected in the caption for this case.

On July 26, 2013 Clark filed a notice of removal in this Court pursuant to 28 U.S.C. § 1441,[2] claiming, *inter alia*, that this Court has original subject matter jurisdiction over Cab East's complaint under 28 U.S.C. § 1343. Notice of Removal, ECF No. 1. On August 16, 2013 Cab East filed a notice of motion to remand the case to state court, arguing, *inter alia*, that Clark's failure to file the notice of removal within the thirty-day period following his receipt of the summons and complaint renders the notice of removal untimely under 28 U.S.C. § 1446(b). Mot. to Remand, ECF No. 6.

DISCUSSION

Pursuant to 28 U.S.C. § 1446(b), a defendant seeking to remove an action to federal court must file the notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." This thirty-day filing period, "while not jurisdictional, is mandatory and failure to comply with it will defeat a defendant's removal petition." *Thomas v. Baldwin*, 189 F. Supp. 2d 1, 2 (E.D.N.Y. 2002) (quoting *Nicola Products Corp. v. Showart Kitchens, Inc.*, 682 F. Supp. 171, 172 (E.D.N.Y. 1988)); *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991). In the context of a remand motion, the removing party has the burden of proof, and "federal courts construe the removal statue narrowly, resolving any doubts against removability." *Somlyo*, 932 F.2d at 1045-46.

Clark was served with the summons and complaint in this action on July 28, 2011, almost two years prior to his filing of a notice of removal in this Court. Because Clark did not

---

[2] 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

file the notice of removal until well after the thirty-day period had expired, the notice was untimely and ineffective, and the case must be remanded to the Supreme Court of the State of New York, County of Queens.[3]

## CONCLUSION

For the reasons set forth above, Cab East's motion to remand this case to state court is granted. The Clerk of Court is directed to remand this case to the Supreme Court of the State of New York, County of Queens.

So ordered.

John Gleeson, U.S.D.J.

Dated: October 4, 2013
      Brooklyn, New York

---

[3] Even if Clark's notice of removal were timely, Clark has failed to establish the removability of this action. First, there is no federal question jurisdiction; Cab East has brought a cause of action in replevin to recover a vehicle. Second, there appears to be no diversity jurisdiction, both because Clark is a resident of New York, *see* Rodriguez Decl. Ex. D (Answer); 28 U.S.C. § 1441 (b)(2) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."), and because the amount in controversy does not exceed $75,000, *see* Rodriguez Decl. Ex. A, at ¶ 5 (valuing the 2006 Land Rover at $18,175).